# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK F. PAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN CUBIBURU, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00765-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RE MOTIONS TO REMAND<br><br>ECF NOS. 8, 14 19, 23<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS<br><br>and<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT EVIDENCE OF EXPENSES WITHIN FOURTEEN (14) DAYS |

    This action was removed from the Superior Court of California for the County of San Benito by Defendants John Cubiburu and Cubiburu Livestock, Inc. (both defendants hereinafter referred to as "Cubiburu") on May 16, 2013.  (ECF No. 1.)  On June 5, 2013, Plaintiff Roderick F. Paul d/b/a Roderick F. Paul Cattle Company ("Paul") filed a motion to remand this action back to state court.  (ECF No. 8.)  On June 21, 2013, Defendants Ryan Sweeny, Matt Brown and Excel Livestock, LLC filed a motion to remand (ECF No. 19) and joined Paul's motion to remand (ECF No. 21).  On July 9, 2013, Defendant Parker Ranch, Inc. filed a "joinder" to the prior motions to remand.  (ECF No. 23.).  Pursuant to an order of this court dated July 15, 2013, the matter was taken under advisement without the need for a hearing.  (ECF No. 25.)

1

For the reasons set forth below, the Court finds that this action was improperly removed by Cubiburu because the defendants are citizens of the forum state, California. The Court will recommend that this action be remanded. The Court will further recommend that Paul's expenses incurred as a result of removal be reimbursed.

## I.

## PROCEDURAL BACKGROUND

On April 5, 2013, Paul filed a complaint in the Superior Court of California for the County of San Benito against Defendants John Cubiburu, Cubiburu Livestock, Inc., Ryan Sweeney, Matt Brown and Excel Livestock, LLC ("Excel"). Paul's complaint raised several state law causes of action arising from a cattle pasture agreement between Paul and Excel.

In Cubiburu's notice of removal, Cubiburu contends that "Diversity Jurisdiction is established because Roderick Paul is a resident of the State of Oregon and Parker Cattle Company[1] maintains its principal place of business in the State of Hawaii." (Def.'s Not. of Removal Pursuant to 28 U.S.C. Section 1332 and 1441(b) (Diversity) ("Not. of Removal") ¶ 3.) Cubiburu's notice of removal also states (1) that Cubiburu Livestock, Inc. is a California corporation with its principle place of business in California, (2) that John Cubiburu is a resident of California, (3) that Excel is a California limited liability company with its principle place of business in California, and (4) that Ryan Sweeney and Matt Brown are residents of California. (Not. of Removal ¶ 6.)

The motions to remand raise three issues pertaining to removal jurisdiction. Although characterized as jurisdictional defects, as discussed below, the issues are procedural defects with respect to removal.[2] First, movants contend that removal was improper because some of the defendants are citizens of California, the forum state. Second, Defendants Ryan Sweeney, Matt Brown, Excel and Parker Cattle Company argue that removal was improper because they did not

---

[1] The Notice of Removal describes Parker Ranch, Inc. as a "third party complainant." (Not. of Removal ¶ 6.) However, the Notice of Removal did not include any pleadings involving Parker Ranch, Inc. Parker Ranch, Inc. is named as a third party defendant in a counter-complaint filed by Cubiburu in this Court. (ECF No. 3.)

[2] It appears that there is complete diversity among the parties in this case and the Court has subject matter jurisdiction to hear this case. As noted below, there is a distinction between jurisdictional issues and procedural defects. The latter can be waived if not raised in a timely manner.

join or consent to removal.  Third, Defendants Ryan Sweeny, Matt Brown and Excel contend that removal was untimely because Cubiburu filed the notice of removal more than thirty days after being served with the complaint.

Cubiburu's opposition to the motions to remand was due on July 10, 2013 pursuant to Local Rule 230(c).  Cubiburu has not filed an opposition or statement of non-opposition to the motions to remand.

## II.

## LEGAL STANDARDS FOR REMOVAL AND REMAND

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which states, in pertinent part:

> **(a)  Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts.  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 466 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

As noted above, the motions for remand are not based upon lack jurisdiction but instead based upon procedural defects in removal.  Procedural defects in removal are governed by 28 U.S.C. 1447(c), which states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

/ / /

/ / /

/ / /

## III.

## DISCUSSION

### A. Cubiburu's Failure To File An Opposition Or Statement Of Non-Opposition

Cubuiburu has waived any opposition to the motions to remand by failing to file a written opposition or statement of non-opposition in violation of Local Rule 230(c). Local Rule 230(c) states:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135.

In this case, the motions to remand were scheduled to be heard on July 24, 2013. Accordingly, per Local Rule 230(c), Cubiburu's opposition or statement of non-opposition was due on July 10, 2013. Cubiburu did not file any response to the motions to remand. Accordingly, Cubiburu has waived its right to be heard in opposition to the motion at oral argument.[3]

### B. Timeliness Of The Motions To Remand

Motions to remand on the basis of defects other than lack of jurisdiction must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c). In this case, the notice of removal was filed on May 16, 2013. (ECF No. 1.) Plaintiff Paul's motion to remand was filed on June 5, 2013. (ECF No. 8.) Thus, Paul's motion was timely.

The motion to remand filed by Defendants Ryan Sweeney, Matt Brown and Excel was filed on June 21, 2013. (ECF No. 19.) Parker Ranch's "joinder" was filed on July 9, 2013. (ECF No. 23.) Both were filed more than thirty days after the notice of removal. The Sweeney/Brown/Excel motion and the Parker Ranch joinder argue that removal was improper because some of the defendants are citizens of the forum state, because not all defendants joined in removal and because the notice of removal was untimely. These arguments are all raise

---

[3] The Court issued an order on July 15, 2013 removing the matter from the calendar and taking the matter under advisement. The Court further noted Cubiburu's failure to file an opposition or statement of non-opposition and that, therefore, it is not entitled to be heard in opposition to the motions to remand. (ECF No. 25.).

procedural defects with removal, as opposed to jurisdictional defects.  See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006) ("forum defendant rule" is a procedural defect); Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036-38 (9th Cir. 1995) (failure to join all defendants in removal is a procedural defect); Delew v. Las Vegas Metropolitan Police Dept., 108 F. Supp. 2d 1146, 1147-48 (D. Nev. 2000) (failure to timely file notice of removal is a procedural defect); Ford v. New United Motors Mfg., Inc., 857 F. Supp. 707, 708 (N.D. Cal. 1994) (same).  Since the Sweeney/Brown/Excel motion and the Parker Ranch joinder raise procedural defects with removal and were filed more than thirty days after the notice of removal, the arguments raised therein are untimely and therefore have been waived.  See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) ("...§ 1447(c) prohibits a defect in removal procedure from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed.").[4]

Accordingly, the Court will only address the issue raised in Paul's timely motion to remand.

**C.     Removal Was Improper Because Defendants Are Citizens Of The Forum State**

In Paul's motion to remand, the sole issue raised is whether removal was improper because the defendants in this action are citizens of the forum state.  Under the "forum defendant rule," a civil action is not removable if one of the defendants is a citizen of the state where the action is brought:

> **(b)     Removal based on diversity of citizenship.**--...
> **(2)**     A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[4] However, as discussed below, Paul's motion to remand asserted the forum defendant rule in a timely manner and should be granted.  Accordingly, the timeliness of the other filings is somewhat moot.  But, also discussed below, the untimeliness of the Sweeney/Brown/Excel motion and the Parker Ranch "joinder" is relevant for purposes of determining whether Sweeney, Brown, Excel and Parker Ranch are entitled to recover costs and expenses under 28 U.S.C. § 1447(c).

28 U.S.C. § 1441(b); see also Lively, 456 F.3d at 939 ("...§1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

A natural person's state citizenship is determined by his or her state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A company is a citizen of (1) the state under whose laws it is organized or incorporated, and (2) the state of its principal place of business. Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009). Cubiburu admits in its Notice of Removal that Cubiburu Livestock, Inc. is a citizen of California and Defendant John Cubiburu is a resident of California.[5] Accordingly, this action was improperly removed and should be remanded.

### D. Costs and Attorney Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A finding of bad faith is not a prerequisite to an award of expenses under Section 1447(c). Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the moving party lacked an objectively reasonable basis for seeking removal." Id. at 141.

In this case, Cubiburu had no objectively reasonable basis for seeking removal. It is well-established that it is procedurally improper to attempt to remove an action where a defendant is a citizen of the forum state. Cubiburu's attempt to remove this action is even more egregious because it is Cubiburu's own state of citizenship that renders removal procedurally improper. Accordingly, the Court finds that an award of expenses would be just in this case.

However, the Court also notes that the Sweeney/Brown/Excel motion to remand was untimely filed. Further, the Sweeney/Brown/Excel motion raised arguments pertaining to the forum defendant rule that were duplicative of the same arguments raised in Paul's motion to

---

[5] It is possible that John Cubiburu is citizen of another state despite being a resident of California, but this possibility is immaterial since it is undisputed that Cubiburu Livestock, Inc. is a citizen of California, which is sufficient to render removal defective.

remand. Accordingly, it would not be "just" to award expenses stemming from the Sweeney/Brown/Excel motion because all of the issues raised were effectively waived by Sweeney/Brown/Excel and some of the issues raised were unnecessarily duplicative of issues addressed in Paul's motion. Any expenses incurred in preparing the motion were unreasonable. Sweeney, Brown and Excel did not identify any other expenses incurred as a result of removal in their motion.

Similarly, the Court will not award expenses stemming from the preparation of Parker Ranch's "joinder." The arguments raised in Parker Ranch's joinder were waived because they were not timely raised. Moreover, the arguments raised in Parker Ranch's joinder are duplicative to those already raised in Paul's motion to remand as well as the Sweeney/Brown/Excel motion to remand. Any expenses incurred in preparing the "joinder" were unreasonable. Parker Ranch did not identify any other expenses incurred as a result of removal in their "joinder."

Paul's motion to remand was timely filed. However, their moving papers indicated that Paul intended to present evidence regarding their expenses at the hearing on their motion. Since the Court vacated that hearing, the Court will order Paul to submit evidence pertaining to such expenses within fourteen (14) days.

## IV.
## CONCLUSION

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff Roderick F. Paul's motion to remand be GRANTED (ECF Nos. 8, 14);
2. Defendants John Cubiburu and Cubiburu Livestock, Inc. be required to reimburse Plaintiff Roderick F. Paul for any expenses incurred as a result of removal;
3. Defendants' Ryan Sweeney, Matt Brown and Excel Livestock, Inc.'s motion to remand be DENIED as untimely (ECF No. 19); and
4. Third Party Defendant Parker Ranch, Inc.'s motion to remand be DENIED as untimely (ECF No. 23).

Furthermore, it is HEREBY ORDERED that Plaintiff Roderick F. Paul submit evidence

pertaining to his expenses incurred as a result of removal within **fourteen (14) days** of the date of service of this order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.  1991).

IT IS SO ORDERED.

Dated:   **July 23, 2013**

UNITED STATES MAGISTRATE JUDGE