# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK F. PAUL,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN CUBIBURU, et al.,<br><br>    Defendants. | Case No.  1:13-cv-00765-AWI-SAB<br><br>ORDER RE ATTORNEY'S FEES AND COSTS |

On September 11, 2013, the Court remanded this action to state court but retained jurisdiction for the limited purposes of determining whether the parties that moved for remand are entitled to recover costs and fees associated with removal. (ECF No. 36.) Defendants Matt Brown, Excel Livestock, LLC and Ryan Sweeney (the "Excel Defendants") submitted a brief regarding their entitlement to costs and fees on September 12, 2013. (ECF No. 37.) Plaintiff Roderick F. Paul ("Plaintiff") submitted a brief regarding their entitlement to costs and fees on September 16, 2013. (ECF No. 38.) No party has submitted an opposition to the request for costs and fees.

For the reasons set forth below, the Court finds that Plaintiff and the Excel Defendants are entitled to the reimbursement of costs associated with removal under 28 U.S.C. § 1447(c).

/ / /

/ / /

1

# I.

## PROCEDURAL BACKGROUND

This action was originally filed in the Superior Court of California for the County of San Benito. On May 16, 2013, Defendants John Cubiburu and Cubiburu Livestock, Inc. (the "Cubiburu Defendants") removed the action to this Court on the basis of diversity jurisdiction.

All other parties opposed the Cubiburu Defendants' removal of this action to this Court. Plaintiff filed a motion to remand on June 5, 2013. (ECF No. 8.) The Excel Defendants filed a motion to remand on June 21, 2013. (ECF No. 19.) Defendant Parker Ranch, Inc. ("Parker Ranch") filed a joinder to the motions to remand on July 9, 2013. (ECF No. 23.)

On July 23, 2013, the undersigned magistrate judge issued a Findings and Recommendations recommending that this action be remanded to state court. (ECF No. 26.) However, the Findings and Recommendations recommended that only Plaintiff should be entitled to costs because the Excel Defendants' motion to remand and the Parker Ranch joinder appeared to be untimely, as they were filed more than thirty days after the notice of removal was served and filed.

After the Findings and Recommendations were issued, the Excel Defendants filed objections with respecting to the denial of their request for costs. (ECF No. 31.) The Excel Defendants argued that their motion to remand was timely because the Cubiburu Defendants never properly served the Excel Defendants with their notice of removal. The Excel Defendants further stated that they were unaware of the removal until June 11, 2013, which was four days before the thirty day deadline to file a motion to remand.

On September 11, 2013, the Findings and Recommendations were partially adopted. (ECF No. 36.) The Court remanded the action to state court but retained jurisdiction for the limited purpose of determining whether the Excel Defendants were entitled to costs in light of the Cubiburu Defendants' failure to serve the notice of removal on them and to determine the amount of costs to award Plaintiff.

/ / /

/ / /

## II.

## DISCUSSION

The two remaining issues in this action are A) the amount of costs Plaintiff is entitled to recover as a result of the Cubiburu Defendants' improper removal and B) whether the Excel Defendants are entitled to recover costs as a result of the Cubiburu Defendants' improper removal.

### A.   Plaintiff's Costs Incurred As A Result Of The Removal

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has already determined that Plaintiff's are entitled to costs and expenses incurred as a result of removal. The Court need only determine the appropriate amount of costs and expenses.

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The Ninth Circuit has approved the use of the lodestar method to calculate the award associated with improper removal. John B. Schlaerth MD v. Spirtos, 308 Fed. Appx. 196, 198 (9th Cir. 2009); see also Albion Pacific Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).

In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors"). McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995)

Plaintiff submitted briefing identifying $4,911.50 in total expenses associated with preparing their motion to remand. These expenses consist of 4.0 hours of attorney time from James W. Sullivan ($300/hour), 14 hours of attorney time from Paul A. Rovella ($240.00/hour) and 3.7 hours of paralegal time from Anne Wells and Danielle Quebec ($95.00/hour). The tasks performed included legal research on the issue of remand, review of the pleadings and preparation of the moving papers, meeting and conferring with opposing counsel and preparing for hearings (though the hearings were eventually vacated).

No party filed an opposition to Plaintiff's briefing within the time period set by the Court in its September 12, 2013 order. However, the Cubiburu Defendants objected to Plaintiff's costs in their objections to the Court's Findings and Recommendations, filed on August 5, 2013. (ECF No. 33.) The only specific objection raised by the Cubiburu Defendants is that Plaintiff's incurred $4,911.50 in expenses when the Excel Defendants only expended $1,100.00 in "preparing essentially the same Motion to Remand." (Obj. to Award of Costs and Attorney's Fees Claimed By Roderick Paul 2:20-23.)

Although Plaintiff's reported substantially higher costs when compared to the Excel Defendants, this appears to be the result of the Excel Defendants claiming unusually low costs rather than Plaintiff claiming unusually high costs. Prior cases involving the award of costs associated with remand involved costs even higher than those claimed by Plaintiff. See John B. Schlaerth MD, 308 Fed. Appx. at 198 (affirming $9,248 attorney fee award and $212.50 cost award for improper removal); Gotro v. R & B Realty Group, 69 F.3d 1485, 1487-89 (9th Cir. 1995) (affirming $13,564.05 award under Section 1447(c)); Harvard Real Estate-Allston, Inc. v. KMART Corp., 407 F. Supp. 2d 317, 323 (D. Mass. 2005) (awarding $10,000 in costs associated with remand).

Given the time, novelty, results and other circumstances of this case, the Court finds that Plaintiff's requested costs are not excessive. Accordingly, the Court will order the Cubiburu Defendants to reimburse Plaintiff for the $4,911.50 in costs associated with improvident removal.

///

### B. The Excel Defendants' Request for Costs

The Excel Defendants request reimbursement of their costs associated with removal. Initially, the Court recommended that the Excel Defendants' request for costs be denied because their motion to remand was filed more than thirty days after the notice of removal was filed. Under 28 U.S.C. § 1447(c), a motion to remand must be filed within thirty days after the filing of the notice of removal. The Court further concluded that the costs and expenses incurred by the Excel Defendants was not reasonable because it was spent preparing a motion that was not timely filed.

The Excel Defendants argue that the time spent preparing their motion to remand was reasonable because they had a reasonable excuse for their failure to file their motion on time. The Cubiburu Defendants never served the Excel Defendants with their notice of removal and the Excel Defendants were not aware that the action had been removed until the Cubiburu Defendants served an Order Setting Mandatory Scheduling Conference on the Excel Defendants four days prior to the expiration of the thirty day time limit to file a motion to remand.

The Court finds the Excel Defendants' explanation reasonable. However, the Excel Defendants do not cite any authority which suggests that their explanation has the legal effect of making their motion timely. The Supreme Court's holding in Bowles v. Russell, 551 U.S. 205, 211-215 (2007), would suggest that this Court lacks authority to extend the statutory deadline for filing a motion to remand irrespective of whether equitable principles would call for such an extension. In Bowles, the Supreme Court held that courts have no authority to create equitable exceptions to jurisdictional requirements and that time limits created by statute are jurisdictional. Id.

Nonetheless, the Court need not decide whether the Excel Defendants' motion to remand would have been timely. Section 1447(c) authorizes the Court to award "just" costs whenever a remand order is entered, and based upon the statutory text, such an award is not necessarily contingent upon the filing of a motion to remand, much less the timely filing of such a motion. Under Section 1447(c), costs may be awarded whenever the Court enters an order remanding the case, and such an order was entered by the Court on September 11, 2013. (ECF No. 36.) Given

the unique circumstances of this case, the Court finds that "just costs" under Section 1447(c) includes the costs incurred by the Excel Defendants in seeking remand, particularly in light of the relatively modest costs incurred by the Excel Defendants incurred as a result of the removal.

The Court finds that the $1,100.00 in costs incurred by the Excel Defendants was reasonable. Based upon the foregoing, the Court will order the Cubiburu Defendants to pay the Excel Defendants $1,100.00 in costs incurred as a result of removal in this action.

### III.

### CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants John Cubiburu and Cubiburu Livestock, Inc. shall pay Plaintiff Roderick F. Paul d/b/a Roderick F. Paul Cattle Company $4,911.50 in costs associated with removal under 28 U.S.C. § 1447(c);

2. Defendants John Cubiburu and Cubiburu Livestock, Inc. shall pay Defendants Matt Brown, Excel Livestock, LLC and Ryan Sweeney $1,100.00 in costs associated with removal under 28 U.S.C. § 1447(c); and

3. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: __October 3, 2013__

UNITED STATES MAGISTRATE JUDGE